UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAURA MCCANN,

        Petitioner,

v.                                        Case No. 17-C-85

MICHAEL HAFEMANN,

        Respondent.

**SCREENING ORDER**

On January 19, 2017 pro se petitioner Laura McCann filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that her state court conviction and sentence were imposed in violation of the Constitution. McCann states in her petition that she has been convicted of obstruction in South Milwaukee, Wisconsin. Although she does not indicate a length or date of her sentence, it appears from the caption of her petition she is currently in the Milwaukee County House of Corrections. Her complaint is that the judge who convicted her would not look at her medical papers. Attached to her petition is what appears to be a mental health record dating back more than twenty years indicating that she was admitted to the mental health complex at that time due to suicide statements to her therapist and father. She was diagnosed with a psychotic disorder not otherwise specified.

Though it is unclear from the petition whether McCann is serving a sentence for a crime imposed by a state court or has been placed in custody by a municipal court for contempt for non-payment of a fine, what is clear is that she has not exhausted available state court remedies. She

indicates that she has not appealed the judgment of conviction or taken any action to seek further review within the state courts. This alone precludes her from seeking federal relief. Section 2254 provides that an application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of state court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the state. 28 U.S.C. § 2254(b)(1)(A). Since it is apparent on the face of her petition that McCann has failed to do so, the petition is denied and this action is dismissed.

Having disposed of her petition, the Court must decide whether to issue a certificate of appealability. Rule 11(a), Rules Governing § 2254 Petitions. The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v McDaniel*, 529 U.S. 473, 484 (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3). Here I conclude that reasonable jurists could not debate the outcome, and the petitioner has not shown the denial of any constitutional right. The certificate of appealability is therefore denied.

Dated this __23rd__ day of January, 2017.

   s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court